IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH SCALES, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.<br>) |
| HOUSING AUTHORITY OF THE<br>BIRMINGHAM DISTRICT, | ) CV-00-AR-0317-S<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Before the court are two motions. The first is the motion of plaintiff, Deborah Scales ("Scales"), to alter or amend this court's December 19, 2000, order granting summary judgment in favor of defendant, Housing Authority of the Birmingham District ("HABD"). The second is the motion of HABD for leave to seek attorney's fees out of time. For the reasons set out more fully below, Scales motion will be denied, and HABD's motion will also be denied.

**JURISDICTION**

Rule 59(e), F.R.Civ.P., governs motions to alter or amend the grant of summary judgment, and provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment." Rule 59(e), F.R.Civ.P. HABD correctly points out in its response to Scales motion to alter or amend the judgment that, "[t]imeliness constitutes a jurisdictional dimension

central to . . . the motion for reconsideration . . . [A]n untimely filed motion to alter or amend  cannot invoke a trial court's jurisdiction." *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1129 (11th Cir. 1994). *See also Wright v. Preferred Research, Inc.*, 891 F.2d 886, 890 (11th Cir. 1990)(stating that ten day period set forth in Rule 59(e), F.R.Civ.P., is jurisdictional and cannot be extended by the court).

Rule 59(e)'s ten day filing requirement must be read in conjunction with Rule 6(a), which provides, in relevant part, that "when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Rule 6(a), F.R.Civ.P.  In this case, therefore, when ten days from the day of entry of judgment, December 20, 2000, and excluding intermediate Saturdays, Sundays and legal holidays, are counted, Scales should have filed her Rule 59(e) motion on or before the close of business on January 4, 2001.

For reasons unknown to the court, HABD contends that Scales filed her Rule 59(e) motion on January 8, 2001.  Had Scales filed her motion on January 8, 2001, this court would lack jurisdiction to entertain her motion.  Because Ms. Scales filed her Rule 59(e) motion on January 4, 2001, this court does have jurisdiction to consider the Rule 59(e) motion.

2

**DISCUSSION**

Scales contends that the court erroneously found that she failed to satisfy element one of her prima facie case of retaliation, i.e., that she did not engage in statutorily protected activity in connection with this lawsuit. Title VII provides protection against retaliation for those who oppose discrimination or participate in "an investigation, proceeding, or hearing." The participation clause covers proceedings which occur *in connection with or after the filing* of a formal charge with the EEOC. *See Equal Employment Opportunity Commission v. Total System Services, Inc.*, 221 F.3d 1171, 1174 & n.2. (2000) (stating that, "at a minimum, some employee must file a charge with the EEOC or otherwise instigate proceedings under the statute for the conduct to come under the participation clause.").

Scales reasserts her contention that her lawsuit filed on July 22, 1996, alleging violations of Title VII against HABD, constitutes protected activity in her subsequent suit because it satisfies both the opposition and participation clauses. Pla. Motion, at ¶5. In its earlier opinion, this court found that Scales' 1996 lawsuit did not constitute protected expression under the participation clause of Title VII because an employee's prior Title VII lawsuit is not protected activity under the participation clause in a subsequent, separate lawsuit. *Memorandum Opinion*, at

3

12. "Because no EEOC complaint had been filed before Ms. Scales' received a written reprimand from Ms. Russell, her 1996 lawsuit did not constitute protected expression under the participation clause of Title VII." *Id*. For this court to have held otherwise would have unjustly placed HABD permanently on notice that Scales was participating in a protected activity due to her previous lawsuit.

While it is clear that the action that this court dismissed on December 19, 2000, was filed after her filing of a formal charge with the EEOC in 1996, the court is unwilling to construe the requirements of Title VII so liberally for an employee. Scales seeks support for her argument in a number of cases which this court finds unpersuasive. Scales first relies on *Walters v. City of Atlanta*, 803 F.2d 1135, 1144 (11th Cir. 1986), in which the Eleventh Circuit affirmed the district court's determination that plaintiff's filing of EEOC claim and lawsuit was protected conduct because plaintiff was denied employment *after* he filed his claims, and there was a *causal connection* between his protected conduct and the denial of a position. Unlike Scales, the plaintiff in *Walters* engaged in protected expression because he was denied employment *after* he filed his lawsuit. Scales filed this lawsuit suit after she was reprimanded by Russell.

Scales also relies on *Jones v. Washington Metro. Area Transit Auth.*, 946 F.Supp. 1023, 1026 (D.D.C. 1996), *aff'd in part*, 205

4

F.3d 428 (D.C. Cir. 2000), in which the court found five separate occasions in which the plaintiff engaged in statutorily protected expression prior to the filing of her lawsuit. This court has reviewed that decision and finds it both distinguishable and unpersuasive. While the *Jones* court did consider an earlier Title VII lawsuit filed against the defendant as protected activity in the plaintiff's subsequent suit, it is apparent that the court was considering all five instances of protected expression in totality—not in isolation—as Scales would want this court to believe. This characteristic distinguishes *Jones* from the instant action and the court believes on balance that *Jones* does not represent the sense of the law in the Eleventh Circuit.

Lastly, assuming *arguendo* that Scales could establish her prima facie case, which this court does not conclude, HABD offered a legitimate nondiscriminatory reason for Scales' reprimand: HABD determined that Scales violated the internal communication policy. Even if Scales' 1996 lawsuit constituted statutorily protected expression under either the participation or the opposition clause, this court granted summary judgment because Scales failed to show pretext to rebut HABD's proffered legitimate, nondiscriminatory reason for reprimanding Scales. See *E.E.O.C. v. Total Systems Servs., Inc.*, 221 F.3d 1171, 1175 (11th Cir. 2000). See also *Chapman v. AI Transport*, 229 F.3d 1012 (11th Cir. 2000) (the most

5

recent Eleventh Circuit expression of the burden of rebutting an employer's proffered reason). The court's role, among other things, "is to prevent unlawful employment practices, not to act as a super personnel department that second-guesses employers' business judgments." *Memorandum Opinion*, at 16 (internal quotations omitted). Accordingly, Scales' motion to alter or amend the judgment will be denied by a separate and appropriate order.

HABD's motion will be denied, not only because it is late but because Scales' complaint was not so lacking in colorable merit as to call for her to pick-up the tab for the defendant.

DONE this 25th day of January, 2001

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE